UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GENESIS TORRES,

        Plaintiff,

v.

CITY OF TRENTON, HARRISON STEIMLE, JORGE MEJIA, et al.,

        Defendants.

Civil Action No. 19-18368 (MAS) (ZNQ)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Genesis Torres's ("Plaintiff") Motion to Remand. (ECF No. 3.) Defendant City of Trenton (the "City") opposed[1] (ECF No. 4), and Plaintiff replied (ECF No. 5). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

On September 2, 2017, Detectives Steimle and Mejia of the Trenton Police Department executed a traffic stop on Plaintiff. (Compl. ¶ 7, Ex. A to Notice of Removal, ECF No. 1-1.) Detectives Steimle and Mejia "assaulted and battered" Plaintiff, causing serious and permanent injuries. (*Id.* ¶ 8.) Plaintiff initiated this action in New Jersey Superior Court, asserting three causes of action arising under New Jersey law or violations of his rights under the New Jersey Constitution. (*See generally* Compl.) Plaintiff's causes of action, as he styles them, are as follows: (1) "Civil Rights," asserting Defendants "denied [Plaintiff] of his rights, privileges, and immunities secured by the Constitution of the State of New Jersey [and] Civil Rights Act of New Jersey," (*id.* ¶ 16); (2) "Assault and Battery," asserting Detectives Steimle and Mejia "assaulted and battered Plaintiff,"

---

[1] It appears that Harrison Steimle and Jorge Mejia have not been served in this matter.

(*id.* ¶ 19); and (3) "Monell," asserting Defendants "invited, encouraged[,] and promoted a variety of policies and practices" that "denied [Plaintiff of his] rights, privileges[,] and immunities secured by the Constitution of the State of New Jersey [and] Civil Rights Act of New Jersey," (*id.* ¶¶ 23, 25).

The City removed the matter to this Court. (*See generally* Notice of Removal, ECF No. 1.) The City asserts two bases for this Court's subject matter jurisdiction under 28 U.S.C. § 1331: (1) "Plaintiff's claims alleging excessive force require resolution of a substantial federal legal question" because "excessive force claims are evaluated pursuant to the Fourth Amendment to the United States Constitution," (*id.* at *2[2]); and (2) Plaintiff's invocation of *Monell*, referring to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), "establishes that [Plaintiff] was asserting a violation of 42 U.S.C. § 1983[] and not solely [s]tate law causes of action," (*id.* at *8).

A civil action brought in state court may be removed by the defendant to the federal district court in the district where such action is pending, if the district court would have original jurisdiction over the matter. § 1441(a); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 8 (1983). Where the parties are not diverse, removal is appropriate only if the case falls within the district court's original "federal question" jurisdiction: "all civil actions arising under the Constitution, laws, or treaties of the United States." §§ 1331, 1441(b); *Franchise Tax Bd.*, 463 U.S. at 8.

The question of federal jurisdiction is determined by reference to the well-pleaded complaint rule. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented

---

[2] Page numbers preceded by an asterisk refer to the page number of the ECF header.

2

on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted). "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). In another "special and small category of cases," "federal jurisdiction over a state[-]law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)).

On a motion to remand, the removing party has the burden of establishing the propriety of removal. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "Removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Id.* at 111 (internal quotation marks and citation omitted).

First, the City argues the Court has federal question jurisdiction because Plaintiff's excessive force claims are evaluated under the Fourth Amendment and thus fall within the "special and small category of cases" under *Grable* where a federal court has jurisdiction over a state-law claim. (Notice of Removal *2; City's Opp'n Br. *4–7, ECF No. 4.) The City baldly asserts that Plaintiff's claims satisfy the *Grable* factors without discussion of those factors. (*See* Notice of Removal *4–6; City's Opp'n Br. *4–7.) The City also offers no cases where an assertion of state-law claims arising from excessive force allegations were sufficient to convey federal question jurisdiction.

The City fails to meet its burden to establish the Court's federal question jurisdiction over Plaintiff's excessive force claims because the City fails to discuss the *Grable* factors. The Court

notes, however, that if the City discussed the *Grable* factors, the Court would nevertheless find that any federal question embedded in Plaintiff's claims fails to meet the third *Grable* factor because it is not "significant to the federal system as a whole." *See Pena v. Town of Kearny*, No. 13-6644, 2014 WL 1666052, at *2 (D.N.J. Apr. 25, 2014) (quoting *Gunn*, 568 U.S. at 264) (finding, in dicta, lack of federal question jurisdiction over New Jersey Civil Rights Act claim because that "heavily fact[-]dependent inquiry . . . is of little importance to the operation of the federal system itself").

Second, the City argues that Plaintiff's invocation of *Monell* as the title of his third count indicates that Plaintiff asserts a claim for violations of his federal rights under 42 U.S.C. § 1983. (Notice of Removal *6–8; City's Opp'n Br. *7–9.) The Supreme Court's holding in *Monell* provided that "a municipality can be held liable under [§] 1983 for a [C]onstitutional violation[] that directly results from a municipal policy, custom, or practice." *Carreno v. City of Newark*, 834 F. Supp. 2d 217, 221 n.1 (D.N.J. 2011). Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws." 42 U.S.C. § 1983; *Williams v. Pa. Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) ("It is well settled that § 1983 does not confer any substantive rights, but merely 'provides a method for vindicating *federal rights* elsewhere conferred.'" (emphasis added) (citation omitted)). New Jersey courts have followed the *Monell* framework in permitting municipal liability for violations of rights conferred by the New Jersey Constitution. *Joyce v. City of Sea Isle City*, No. 04-5345, 2008 WL 906266, at *13 (D.N.J. Mar. 31, 2008) (citing *Lloyd v. Borough of Stone Harbor*, 432 A.2d 572, 583 (N.J. Super. Ct. Ch. Div. 1981)).

Here, Defendants fail to establish that Plaintiff's invocation of *Monell* as the title of his third count amounts to asserting a claim under § 1983. First, within that count, Plaintiff asserts only deprivations of rights conferred by the New Jersey Constitution and New Jersey law—not rights

4

conferred by the United States Constitution or federal law. (Compl. ¶ 25.) Section 1983 is not a vehicle for vindication of rights conferred by state law. Second, the Court finds that Plaintiff's reference to *Monell* is merely a shorthand for the assertion of municipal liability under state law. Accordingly, because Defendants fail to establish a basis for the Court's subject matter jurisdiction, the Court must remand the matter to the Superior Court of New Jersey.

Plaintiff seeks an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Pl.'s Mot. to Remand Br. 12–13 (quoting 28 U.S.C. § 1447(c)), ECF No. 3-1.) A court "has broad discretion and may be flexible in determining whether to require the payment of fees under [§] 1447(c)." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). A court may award fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This standard requires that "the assertion in the removal petition that the district court had jurisdiction was . . . at best insubstantial." *Mints*, 99 F.3d at 1261. Here, the Court finds that Defendants were objectively reasonable in seeking removal because Plaintiff's shorthand use of "*Monell*" as the title of his third count naturally conjures an assertion of a § 1983 claim, and Plaintiff could have easily avoided this confusion by clearer pleading.

For these reasons and for good cause shown,

**IT IS** on this 27th day of May 2020 **ORDERED** that:

1. Plaintiff's Motion to Remand (ECF No. 3) is **GRANTED**, in part;

2. Plaintiff is not entitled to costs and expenses;

3. This case is remanded to New Jersey Superior Court, Law Division, Mercer County.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**